Estate of Louis H. Rowe, Deceased, H. Lewis Brown, Edward C. Rowe and W. Lee White, Executors v. Commissioner.
Estate of Louis H. Rowe, Deceased v. Commissioner
Docket No. 25531.
United States Tax Court
1953 Tax Ct. Memo LEXIS 202; 12 T.C.M. (CCH) 709; T.C.M. (RIA) 53220; June 22, 1953
*202 Held: The value of an equitable interest in property transferred to the decedent upon liquidation of the debtor corporation offsets, to some extent, the balance of the nonbusiness bad debt owed to the decedent by the wholly owned corporation. Thomas A. Bolan, Esq., and H. Lewis Brown, Esq., for the petitioners. Joseph F. Rogers, Esq., for the respondent. VAN FOSSAN Supplemental Memorandum Opinion *
VAN *203 FOSSAN, Judge: The fair market value of the property known as the "Home Place" is presently stipulated by the parties to be $15,000 unencumbered in 1944. The newly stipulated fact that in 1944 the value of the "Home Place" unencumbered was $15,000 requires a further analysis to be made of the petitioners' claim for a bad debt deduction in 1944 of $27,004.57. At the time of liquidation, Rowe's Ranch, Inc. owned the entire interest in the "Home Place" subject to an outstanding mortgage or encumbrance of $12,500. Although in form an outright conveyance, the deed to L. Corrin Strong constituted and was treated as a mortgage. In 1946 the deed was exchanged for a mortgage from Louis H. Rowe, the owner of the property at that time. In 1944, however, the property was owned, at the time of liquidation, by Rowe's Ranch, Inc., and the property of that corporation was transferred to the decedent in liquidation. The decedent received the value of the property, less the value of the outstanding mortgage interest, as an offset against the debt owed to him. The equitable interest of $2,500 must, therefore, be offset against the debt of Rowe's Ranch, Inc., thereby reducing the decedent's allowable *204 bad debt deduction to $24,504.57. One further question remains as to the treatment for tax purposes of the bad debt deduction with respect to the application of section 23 (k) (4) of the Internal Revenue Code. [1] To qualify as a business debt it is required that the relation of the loss which is sustained in a taxable year on a bad debt must be proximate to the taxpayers' business in that year. Robert Cluett, III, 8 T.C. 1178; W. A. Dallmeyer, 14 T.C. 1282; section 29.23 (k)-6 of Regulations 111. [2]
*205 If it be assumed that Louis Rowe's interest in the farms owned or purchased by him in the 1920s and 1930s constituted a business within the terms of the statute, there is lacking a showing by the petitioners that the decedent was in the business of farming in 1944. Of the farms owned by Louis H. Rowe individually, there is no evidence or testimony that any were owned and operated as late as 1944. No farming operations are disclosed by his income tax return for that year. It is true that Rowe's Ranch, Inc. owned or held interest in several farms in 1944 but the ownership of farms by the corporation cannot be the means of declaring the decedent to be in the farming business in that year. Burnet v. Clark, 287 U.S. 410; The Omaha National Bank v. Commissioner, 183 Fed. (2d) 899, affirming Memorandum Opinion of this Court entered September 20, 1949; [8 TCM 863]. The corporation, although its Certificate of Incorporation was dissolved in 1937, still continued in existence under State statute [3] for the purpose of satisfying liabilities. It was in the relationship of a creditor of the corporation that the decedent sought the deduction in 1944. *206 Moreover, some of the loans upon which the debt is based were made between 1937 and 1944. For this reason he cannot disregard the corporate existence in 1944. There is no evidence that the decedent was in the business of making loans or of lending money for farming operations or that he ever loaned money to farmers. The evidence discloses only loans to one corporation. The debt must, on all the evidence presented, be considered a non-business debt. A. Kingsley Ferguson, 16 T.C. 1248; Estate of William P. Palmer, Jr., 17 T.C. 702. The petitioners attack the proposition that the taxpayer must be in a business in proximate relation *207 to the debt when the loss is sustained on it. This Court has taken the position recently, in Jan G. J. Boissevain, 17 T.C. 325, Fred A. Bihlmaier, 17 T.C. 620, that the loss must bear a proximate relation to the taxpayers' business in the year sustained to qualify as a business bad debt. The nonbusiness bad debt in the present instance must be treated as completely worthless in 1944 to the extent of $24,504.57, as the debtor corporation was liquidated in 1944 and was without assets thereafter. No possibility of further payment of the debt remained. The recording of the deed in 1946 and the subsequent exchange for a mortgage from the decedent personally merely recast the transaction in a form more consonant with actuality and does not provide a basis for determining that the debt was less than fully worthless in 1944. Consequently, a nonbusiness bad debt deduction of $24,504.57 must be allowed the decedent in 1944, subject, of course, to the statutory limitations. Decision will be entered under Rule 50. Footnotes
*. Note: The original Memorandum Findings of Fact and Opinion in this case was entered April 24, 1952; [11 TCM 415↩], and decision pursuant thereto bears date May 27, 1952. On January 14, 1953, petitioners' motion to vacate the decision and permit further hearing was granted. On April 27, 1953, such hearing was had, at which time the parties filed the above referred to stipulation.
1. SEC. 23. DEDUCTIONS FROM GROSS INCOME. In computing net income there shall be allowed as deductions: * * *
(k) Bad Debts. - * * *
(4) Non-business Debts. - In the case of a taxpayer, other than a corporation, if a non-business debt becomes worthless within the taxable year, the loss resulting therefrom shall be considered a loss from the sale or exchange, during the taxable year, of a capital asset held for not more than 6 months. The term "non-business debt" means a debt other than a debt evidenced by a security as defined in paragraph (3) and other than a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business. ↩
2. REGULATIONS 111. INCOME TAX. Sec. 29.23 (k)-6. Non-business Bad Debts. - * * *
The character of the debt for this purpose is not controlled by the circumstances attending its creation or its subsequent acquisition by the taxpayer or by the use to which the borrowed funds are put by the recipient, but is to be determined rather by the relation which the loss resulting from the debt's becoming worthless bears to the trade or business of the taxpayer. If that relation is a proximate one in the conduct of the trade or business in which the taxpayer is engaged at the time the debt becomes worthless, the debt is not a non-business debt for the purposes of this amendment. * * *↩
3. NEW YORK GENERAL CORPORATION LAW. § 29. Corporate existence to continue in case of dissolution; authority of directors. Upon the dissolution of a corporation for any cause and whether voluntary or involuntary its corporate existence shall continue for the purpose of paying, satisfying and discharging any existing liabilities or obligations, collecting and distributing its assets and doing all other acts required to adjust and wind up its business and affairs, and it may sue and be sued in its corporate name. * * *↩